IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRICK WILLIAMS,** | : | |
| Plaintiff | : | No. 1:24-cv-01078 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **J. RIVELLO, et al.,** | : | |
| Defendants | : | |

# ORDER

**AND NOW**, on this 17th day of June 2025, upon consideration of pro se Plaintiff Tyrick Williams ("Williams")'s complaint (Doc. No. 1), application for leave to proceed in forma pauperis ("IFP Application") (Doc. No. 5), and certified prisoner trust fund account statement (Doc. No. 6), and in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. The IFP Application (Doc. No. 5) is **GRANTED**, and Williams has leave to proceed in forma pauperis;

2. Williams shall **PAY** the full filing fee of $350.00, based on the financial information provided in the IFP Application and certified prisoner trust fund account statement. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Williams's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    (A) the average monthly deposits in Williams's prison account for the past six (6) months, or

    (B) the average monthly balance in Williams's prison account for the past six (6) months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Williams's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding

       month's income credited to Williams's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number for this case;

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Williams is presently incarcerated;

4. The complaint (Doc. 1) is **DEEMED** filed;

5. The complaint (Doc. 1) is **DISMISSED** as follows:

    a. Williams's claims against Defendants under the Federal Tort Claims Act are **DISMISSED WITH PREJUDICE**;

    b. Williams's Section 1983 claim against Defendant "SCI Huntingdon Medical Dept." is **DISMISSED WITHOUT PREJUDICE**;

    c. Williams's Section 1983 claim against Defendant J. Rivello in his official capacity is **DISMISSED WITHOUT PREJUDICE**;

    d. Williams's Section 1983 claim against Defendant J. Rivello in his individual capacity is **DISMISSED WITHOUT PREJUDICE**; and

    e. Williams's state-law tort claims are **DISMISSED WITHOUT PREJUDICE**;

6. Williams has **thirty (30) days** from the date of this Order to file an amended complaint as to only his Section 1983 claim against Defendant J. Rivello in his individual capacity and state-law claims should he choose to reassert them. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Williams's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting the amended complaint, Williams should be mindful of the Court's reasons for dismissing his claims in his initial complaint, as explained in the accompanying Memorandum. Williams should not include any claims that this Court has dismissed without granting him leave to amend, as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the Court; and

7. If Williams does not file an amended complaint in accordance with paragraph six (6) of this Order, the Court will presume that he intends to stand on complaint. Williams's inaction will be deemed as a desire to proceed on the original

complaint under the stand-on-the-complaint doctrine, and this Order dismissing the complaint without prejudice will become final.[1]

                                                 s/ Yvette Kane
                                                 Yvette Kane, District Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania

---

[1] See Lucas v. Twp. of Bethel, 319 F.3d 595, 600 (3d Cir. 2003) (dismissal without prejudice was final and appealable because plaintiff chose to stand on the complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (holding that plaintiff elected to stand on complaint by failing to amend within specified time period); see also Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding appellate jurisdiction over dismissal without prejudice based on statements made in letter brief filed after appeal was initiated).